Amir Shlesinger (SBN 204132)
Email:  ashlesinger@reedsmith.com
Monica J. Zi (SBN 245434)
Email:  mzi@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:   1 213 457 8000
Facsimile:    1 213 457 8080

Dan J. Hofmeister Jr. (SBN 6204299) (*Pro Hac Vice*)
Email:  dhofmeister@reedsmith.com
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, IL  60606-7507
Telephone:   1 312 207 1000
Facsimile:    1 312 207 6400

Attorneys for Defendants
Blue Cross and Blue Shield of Kansas City
(erroneously sued as "Blue Cross and Blue Shield of
Kansas City, Inc."), Layne Christensen Company
Health and Welfare Plan, and Construction Industry
Laborers Welfare Fund

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DUAL DIAGNOSIS TREATMENT CENTER, INC., a California corporation *et. al.*,<br><br>Plaintiffs<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA d/b/a ANTHEM BLUE CROSS, *et al.*<br><br>Defendants | Case No. 8:15-cv-00736 DOC (RNBx)<br><br>**DECLARATION OF KATHY CURREY  IN SUPPORT OF DEFENDANTS' JOINDER IN OMNIBUS MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Honorable Judge David O. Carter |

## DECLARATION OF KATHY CURREY

I, Kathy Currey, state as follows:

1. I am employed by Blue Cross and Blue Shield of Kansas City ("BCBSKC") as Director of Operations. In that capacity, I am familiar with the relevant records maintained by BCBSKC in the ordinary course of its business, including, but not limited to, the relevant records pertaining to the plan(s) at issue in this matter. As such, I have personal knowledge of the facts set forth in this declaration, and if called upon as a witness, I could and would competently testify to these facts under oath.

2. In the First Amended Complaint, Plaintiffs allege that one of their facilities provided medical services to Patient 23 beginning on or about January 21, 2013. Plaintiffs allege that, during the relevant time period, Patient 23 was a participant or beneficiary of an ERISA-governed employee benefit plan. Plaintiffs further allege that that BCBSKC administered or insured benefits under such ERISA plan during the relevant time period.

3. Based on information from Plaintiffs' counsel in this action and my research and review of BCBSKC's records, I have confirmed that, during the relevant time period, Patient 23 was enrolled in the Preferred-Care Blue plan insured by BCBSKC. I have also identified the Health Benefits Contract ("Benefits Contract") for Patient 23's plan that was in effect during the relevant time period.

4. Pages 70-71 of Patient 23's Benefits Contract contains the following provision regarding the non-assignability of benefits:

> **12. Assignment**
>
> You are required to assign all of Your right to payment under the Contract to Preferred and Participating Providers to the extent services are received from those providers. Except for assignment of claim payment to Preferred and Participating Providers, the Contract and all the rights, responsibilities and Benefits for Covered Services under it are personal to You. **You may not assign them in whole or in part, either before or after services have been received, to any other person, firm, corporation or entity.** All Benefits for Covered Services rendered by a

> Non-participating Provider will always be paid directly to You.
>
> However, any Covered Services provided under the Contract and furnished by a facility of the uniformed services of the United States will be paid to that facility if a proper claim is submitted by the provider. Such claim will be paid with or without an assignment from You.
>
> In addition, any Covered Services provided under the Contract and furnished by a public Hospital or clinic will be paid to the public Hospital or clinic if a proper claim is submitted by the provider and processed before We have made Our payment. Such claim will be paid with or without an assignment from You.
>
> No payment for Covered Services will be made to the public Hospital or clinic if payment for Covered Services has been made to You prior to Our receipt of a claim from the public Hospital or clinic. Any payment made to the public Hospital or clinic will satisfy Our liability to the extent of that payment.

(Emphasis added.)

5. Attached as **Exhibit 1** is a true and correct copy of the Benefits Contract for Patient 23 that was in effect on the dates of service in question and contains the above-quoted anti-assignment provision. This document is maintained by BCBSKC as part of its records in the ordinary course of its business.

6. In the First Amended Complaint, Plaintiffs also allege that one of their facilities provided medical services to Patient 253 beginning on or about April 2, 2013. Plaintiffs allege that, during the relevant time period, Patient 253 was a participant or beneficiary of the Layne Christensen Company Health and Welfare Plan ("Layne Plan"). Plaintiffs further allege that that BCBSKC administered or insured benefits under such ERISA plan during the relevant time period.

7. Based on information from Plaintiffs' counsel in this action and my research and review of BCBSKC's records, I have identified the Benefits Contracts for Patient 253's plan that was in effect during the relevant time period.

8. Pages 92-93 of the Benefits Contract for the Layne Plan, effective April 1, 2013, contains the following provision regarding the non-assignability of benefits:

**12. Assignment**

You are required to assign all of Your right to payment under the Contract to Preferred and Participating Providers to the extent services are received from those providers. Except for assignment of claim payment to Preferred and Participating Providers, the Contract and all the rights, responsibilities and Benefits for Covered Services under it are personal to You. **You may not assign them in whole or in part, either before or after services have been received, to any other person, firm, corporation or entity.** All Benefits for Covered Services rendered by a Non-participating Provider will always be paid directly to the Employee.

However, any Covered Services provided under the Contract and furnished by a facility of the uniformed services of the United States will be paid to that facility if a proper claim is submitted by the provider. Such claim will be paid with or without an assignment from You.

In addition, any Covered Services provided under the Contract and furnished by a public Hospital or clinic will be paid to the public Hospital or clinic if a proper claim is submitted by the provider and processed before We have made Our payment. Such claim will be paid with or without an assignment from You.

No payment for Covered Services will be made to the public Hospital or clinic if payment for Covered Services has been made to You prior to Our receipt of a claim from the public Hospital or clinic. Any payment made to the public Hospital or clinic will satisfy Our liability to the extent of that payment.

(Emphasis added.)

9. Pages 91-92 of the Benefits Contract for the Layne Plan, effective January 1, 2014, contains the same provision regarding the non-assignability of benefits.

10. Attached as **Exhibits 2 and 3** are true and correct copies of the Benefits Contracts for the Layne Plan that were in effect on the dates of service in question and contain the above-quoted anti-assignment provision. These documents are maintained by BCBSKC as part of its records in the ordinary course of its business.

11. In the First Amended Complaint, Plaintiffs also allege that one of their facilities provided medical services to Patient 235 beginning on or about February 10, 2015 and to Patient 249 beginning on or about February 17, 2015. Plaintiffs allege that, during the relevant time period, Patients 235 and 249 were participants or beneficiaries of the Construction Industry Laborers Welfare Fund ("CIL Plan").

Plaintiffs further allege that that BCBSKC administered or insured benefits under such ERISA plan during the relevant time period.

12. Based on information from Plaintiffs' counsel in this action and my research and review of BCBSKC's records, I have identified the Summary Plan Description/Plan Document for Patients 235 and 249's plan that was in effect during the relevant time period.

13. Page 2 of the January 27, 2016 Summary of Material Modification for the CIL Plan, effective January 1, 2014, contains the following provision regarding the non-assignability of benefits: "A provider is not an Authorized Representative, unless Claimant specifically designates the provider. **However, a Claimant may not assign payment of any Claim to an out of network provider**." (Emphasis added.)

14. Attached as **Exhibit 4** is a true and correct copy of the Summary Plan Description/Plan Document, together with the Summary of Material Modifications, for the CIL Plan that was in effect on the dates of service in question and contain the above-quoted anti-assignment provision. These documents are maintained by BCBSKC as part of its records in the ordinary course of its business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of January 2016.

*Kathy Currey*
Kathy Currey