**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0736-DOC (RNBx)            Date: June 24, 2016

Title: DUAL DIAGNOSIS TREATMENT CENTER, INC., ET AL. V. BLUE CROSS OF CALIFORNIA, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                          None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER RE: SUPPLEMENTAL BRIEFING**

Before the Court is Defendant's Omnibus Motion to Dismiss Plaintiffs' First Amended Complaint ("Omnibus Motion") (Dkt. 637). The Court has taken the Omnibus Motion under submission, and after an initial review, it has a number of concerns. Accordingly, as described below, the Court now directs the parties as follows: Plaintiffs are ORDERED to provide supplemental briefing on their request for jurisdictional discovery. Defendants are ORDERED to provide the plan instruments as specified below.

**I.    Background**

The Court will only briefly summarize the facts and information relevant to this Order. This case is a mass action by healthcare providers suing various healthcare plans and insurers or administrators based on alleged assignments of benefits from their patients. First Amended Complaint ("FAC") (Dkt. 298) ¶¶ 1–4. The first three causes of action fall under ERISA, and the fourth cause of action is a state law claim under California's Unfair Competition Law. The FAC largely pleaded upon information and belief that the relevant plans were governed by ERISA. *See, e.g.*, FAC ¶¶ 20–21. Defendants then filed the Omnibus Motion. Among the many issues raised in the Omnibus Motion, Defendants asked the Court to consider the full text of the applicable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-0736-DOC (RNBx)                                        Date: June 24, 2016
                                                                                                                               Page 2

plans and determine whether the Anti-Assignment Provisions ("AAPs") that are in most of the plans prohibited the patients from assigning their claims to Plaintiffs. If the AAPs are found to be enforceable and to prohibit the patients from assigning their claims for benefits, then Defendants believe Plaintiffs will be unable to sue under ERISA's civil enforcement provision. Omnibus Motion at 16; *see* 29 U.S.C. § 1032. This order addresses some of the issues raised by the Omnibus Motion that the Court is prepared to rule on; other issues raised in the Omnibus Motion and the individual addenda will be addressed in subsequent orders.

## II. Discussion

### A. Individual, Non-ERISA Plans

A number of Defendants have raised the issue that their patients had individual plans, not employer-provided ERISA plans. They have provided declarations to that effect, along with purported plan documents, which the Court has organized into the chart below. Plaintiffs, in their individual oppositions, assert that if these cases do not arise under ERISA, then they can amend their complaint to include state law causes of action for those patients. *See, e.g.*, Pl's Opp'n to Anthem's Addendum (Dkt. 835-1) at 2. This misses the significance of the evidence presented by these Defendants, which is that if these plans are not governed by ERISA then the Court has no subject matter jurisdiction under ERISA. 29 U.S.C. § 1132(e)(1). The burden is on the Plaintiffs to show there is subject matter jurisdiction for each claim they bring before the Court. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir.), *cert. denied*, 135 S. Ct. 361, (2014) ("The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met."). Plaintiffs have asserted this Court has subject matter jurisdiction under "28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and pursuant to 28 U.S.C. § 1367." FAC ¶ 6. They have not, however, pleaded facts to show there is subject matter jurisdiction for the first three counts of the FAC on any grounds besides ERISA.

At the hearing on May 31, 2016, Plaintiffs asked for some limited jurisdictional discovery, and in their oppositions to the individual addenda, they assert the evidence provided by each Defendant was "improperly introduced," and that they would like "an opportunity to challenge those alleged facts." *See, e.g.*, Pl's Opp'n to Anthem's Addendum (Dkt. 835-1) at 1; Pl's Opp'n to HCSC's Addendum (Dkt. 835-9) at 3. In either case, the Court may be willing to allow for some exceptionally limited jurisdictional discovery if the Plaintiffs can show such discovery is necessary to establish this court does indeed have jurisdiction over these specific claims. *See Boschetto v. Hansing* 539 F.3d 1011, 1020 (9th Cir. 2008) (holding jurisdictional discovery may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-0736-DOC (RNBx)                              Date: June 24, 2016
                                                                                                                         Page 3

granted where pertinent jurisdictional facts are disputed or require more satisfactory proof).

      If Plaintiffs have a good faith basis to believe that some limited jurisdictional discovery would permit them to substantiate their allegation that the patients listed had an ERISA-governed plan, they are ORDERED to submit supplemental briefing. The briefing must include what facts are sought, how they are to be obtained, and how those facts will establish this Court has jurisdiction over those claims.

      As provided in the chart below, Defendants have identified a number of plans that appear to be individual plans, and the Court has identified additional plans that appear to be individual plans:

| Individual Plans | | | |
|---|---|---|---|
| Patient Number | Defendants[1] | Docket Number of Declaration | Docket Number of Plan |
| 3 | Health Care Service Corporation | Webb Decl. ¶ 38-9, Dkt. 726 | Dkt. 726-11 |
| 7 | Anthem Blue Cross | Armknecht Decl. ¶ 2, Dkt. 697 | Dkt. 697-1 |
| 16 | Anthem Blue Cross | Armknecht Decl. ¶ 4, Dkt. 697 | Dkt. 697-3 |
| 75 | Regence Blue Shield | Scheele Decl. ¶ 7, Dkt. 728 | Dkt. 728-2 |
| 79 | Anthem Blue Cross | Armknecht Decl. ¶ 8, Dkt. 697 | Dkt. 697-7 |
| 80 | Anthem Blue Cross | Armknecht Decl. ¶ 9, Dkt. 697 | Dkt. 697-8 |
| 82 | Anthem Blue Cross | Armknecht Decl. ¶ 10, Dkt. 697 | Dkt. 697-9 |

---

[1] Defendants' names are taken from Defendants' Addendum to Omnibus Motion, except for Patients 111 and 113, who are apparently not included in the addendum. *See* Dkt. 648-1.

Case No. SA CV 15-0736-DOC (RNBx)            Date: June 24, 2016
                                                                                            Page 4

| 88  | Anthem Blue Cross | Armknecht Decl. ¶ 13, Dkt. 697 | Dkt. 697-12 |
| --- | --- | --- | --- |
| 95  | Blue Shield of California | Garrison Decl. ¶¶ 8-10, Dkt. 668 | Dkt. 668-4 |
| 101 | Wellmark South Dakota Inc. | Douglas Decl. ¶ 3-5, Dkt. 711 | Dkt. 711-2-4[2] |
| 104 | CareFirst | Lessner Decl.[3] ¶ 8, Dkt 656 | Dkt. 656-4 |
| 109 | Anthem Blue Cross | Armknecht Decl. ¶ 14, Dkt. 697 | Dkt. 697-13 |
| 111 | Health Care Service Corporation | Webb Decl. ¶ 42-4, Dkt. 726 | Dkt. 726-12 |
| 113 | Health Care Service Corporation | Webb Decl. ¶ 47-49, Dkt. 726 | Dkt. 726-13 |
| 119 | Blue Shield of California | Garrison Decl. ¶¶ 8-10, Dkt. 668 | Dkt. 668-4 |
| 120 | Blue Shield of California | Garrison Decl. ¶¶ 12-14, Dkt. 668 | Dkt. 668-5 |
| 219 | Anthem Blue Cross | Armknecht Decl. ¶ 21, Dkt. 697 | Dkt. 697-20 |

## B.     Incorporation by Reference & Completeness

       Many of the Defendants in this case have asked the Court to incorporate plan documents, specifically the AAPs, into their respective motions to dismiss. *See* Reply Br. in Supp. Of Defs.' Omnibus Motion ("Reply") (Dkt. 856). The "incorporation by

---

[2] It appears the policy needed to be split into three exhibits in order to meet CM/ECF's file size requirements, even though the declaration only lists one exhibit number. Because this bears no significance on the terms of the plan or whether or not it is an ERISA governed plan the Court will ignore it.

[3] Defendants' Addendum incorrectly lists Kim Rothman as the declarant for this policy (Dkt 648-1 at 41). The Court assumes this was a typo and will ignore it.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0736-DOC (RNBx)                                                Date: June 24, 2016
                                                                                                                              Page 5

reference" doctrine permits a court to look beyond the pleadings without converting a Rule 12(b)(6) motion into one for summary judgment. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). It is appropriate when a plaintiff's claim depends on a document not attached to the complaint, the defendant attaches it to their moving papers, and the parties do not dispute the authenticity of the document. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The doctrine seems particularly apt here, where Plaintiffs' claims depend entirely on the terms of an ERISA plan and an entitlement to certain benefits under that plan.

      All ERISA plans must be maintained pursuant to a written instrument. 29 U.S.C. § 1102. It is this written instrument that contains the terms of the ERISA plan, and while other documents may contain a summary of the plan or describe the plan, summaries and other materials are not the terms of the plan itself. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011). Indeed, a plan instrument can consist of multiple incorporated documents. *See Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, 1170 (9th Cir. 2015) (finding that the ERISA plan instrument was made up of the Group Policy, its exhibits including insurance certificates, the employer's application, and any additional amendments). In *Prichard*, the Ninth Circuit held that the Summary Plan Description ("SPD") was not a part of the plan instrument, and because the insurance company had not provided a plan document which contained the discretion granting provision, the insurance company was not entitled to abuse of discretion review in the district court. *Id.* The *Prichard* court did not hold that the insurance company necessarily needed to bring every plan document in order to show that the plan terms gave it that discretion, but it did hold that the party asserting provision had the burden of proving that the clause existed in the plan instrument, *id.* at 1169, and providing a declaration which was not supported by any plan document and contradicted by the SPD was legally meaningless, *id.* at 1170–71.

      *Prichard*'s application to this case is clear: Parties that seek to enforce particular provisions of an ERISA plan must show where that language exists in the plan instrument. Where parties have not done so, they cannot assert those provisions. Because this case is at the motion to dismiss stage, Defendants need the Court to agree to incorporate by reference the offered documents, but the Court cannot do so when it is unclear whether those documents are the plan instrument. The *Almont* Court faced a similar issue when parties tried to assert that SPDs generally constitute the terms of the plan, and the Court held that "[i]f the documents submitted are not manifestly reflective of the operative plan terms, the Court will not consider them at this time in support of arguments that any particular plan contains specific language, including anti-assignment clauses . . . . *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1161 (C.D. Cal. 2015).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0736-DOC (RNBx)                                    Date: June 24, 2016
                                                                                                          Page 6

Plaintiffs appear to accept that some Defendants have provided the complete written instrument. *See* O'Connell Decl. (Dkt. 834-3) ("Chart 2"). Specifically, the third column of Chart 2 indicates which Defendants have provided the complete written instrument. For the parties' convenience, those parties are:

- 3M Employees Welfare Benefits Association (Trust II)
- Ascension SmartHealth Medical Plan
- Bayhealth and Medical Center Employee Health and Dental Insurance Plan
- Community Health Systems Group Health Plan
- Eaton Corporation Medical Plan for U.S. Employees
- GEICO Corporation Consolidated Welfare Benefits Program
- Green Tree Comprehensive Welfare Plan (Water Investment Mgmt. Corp. Comprehensive Welfare Benefit Plan)
- Morris Bart Employee Benefits Plan
- SAS Institute Inc. Welfare Benefits Plan
- Time Warner Cable Benefits Plan
- WebMD Health & Welfare Plan
- Wells Fargo & Co. Health Plan

The Court is also satisfied with the submissions of the following Defendants

Blue Cross Blue Shield of North Carolina ("BCBSNC") and the Profit Insight Holdings LLC Group Health Plan (Dkt. 671-2)

Regence BlueShield and Puget Sound Pilots Plan ("Pilots Plan") (Dkt. 728-1)

Regence BlueShield/Master Builders of King and Snohomish Counties DBA MBA Group Insurance Trust ("MBA Plan") (Dkts. 728-4, 728-5, 728-6, 728-7)

Regence BlueShield (Dkts. 728-13, 728-14, 728-15)

Regence BlueShield (Dkts. 728-16, 728-17, 728-18)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-0736-DOC (RNBx)                                                  Date: June 24, 2016
                                                                                                                       Page 7

      Highmark Inc. ("Highmark")/OraSure Technologies Inc. Health and Welfare
      Plan ("OraSure Plan") (Dkt. 682)

      However, it appears the remaining Defendants have not adequately submitted their plan instruments for the Court's review. Accordingly, the Court ORDERS Defendants[4] (**excluding those listed above in the "Individual Plans" chart, or those listed directly above on page 6 of this Order**[5]) to: (1) identify the relevant document(s) that comprise the plan instrument, and provide them if they are not already in the record; (2) identify any relevant provisions that will be necessary to evaluate the completeness of the plan or the validity of the AAP, such as the clauses discussed above (conflicts, integration, incorporation), or any other clauses that may be helpful to the Court in determining the completeness of the plan instrument and the validity of its terms. For a plan where the entire instrument is already in the record, and that can be determined from the text alone, the only deficiency may be that the declaration does not specify the provided document(s) contain the plan instrument.[6] If so, that can be remedied with a simple declaration or addendum providing the relevant citations to the exhibit so that the Court can verify that the document(s) in the record are manifestly reflective of the plan instrument. For those plans the Ninth Circuit has generally categorized as "Consolidated Plans," where a single document acts as the SPD and the plan instrument, they should specifically identify themselves as such in the declaration as well as cite to the relevant portions of the SPD. *See Prichard*, 783 F.3d at 1169. For those parties that only provided excerpts or a single page of the plan documents, the Court cannot evaluate only partial documents at this stage, even aside from any potential rule of completeness problems. *See* Fed. R. Evid. 106. The Court reminds Defendants that providing their own governing documents is already legally required under ERISA. *See* 29 U.S.C. §§ 1024, 1132(c)

## III. Disposition

      Based on the foregoing, the Court ORDERS as follows:

---

[4] The Court is ordering all of these Defendants (excluding the ones specifically listed above) to produce the plan documents – not just those asserting an AAP defense.

[5] For clarity, BCBSNC and Regence should provide the full plan documents and/or declarations for all other patients except those referred to by docket number.

[6] For example, the Court is satisfied after its own examination that full plan documents have been submitted for Patient 1 by BCBSNC and Profit Insight Holdings LLC. However, the Court had to spend considerable time reading the declaration and exhibit to find the plan instrument's incorporation clause to discover what other documents constituted the plan instrument (and had been included in the exhibit but not mentioned in the declaration), find the integration clause, and then find the conflict of terms clause to determine that the first AAP quoted in the declaration was valid but the second AAP was not. All of these references should have been included in the party's declaration or addendum on a motion to dismiss.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0736-DOC (RNBx)                                                             Date: June 24, 2016

                                                                                                                                                                                 Page 8

1. If Plaintiffs wish to pursue jurisdictional discovery for the plans in the "Individual Plans" chart, then Plaintiffs must file supplemental briefing **on or before July 6, 2016**. The supplemental briefing must include what facts are sought from which parties, how they are to be obtained, and how those facts will establish that this Court has jurisdiction over those claims.

2. The Court orders Defendants (**excluding those listed above in the "Individual Plans" chart, or those listed directly on page 6 of this Order**) to provide their plan instruments **on or before July 6, 2016**. The Defendants must (1) identify the relevant document(s) that comprise the plan instrument, and provide them if they are not already in the record; (2) identify any relevant provisions that will be necessary to evaluate the completeness of the plan or the validity of the AAP, such as the clauses discussed above (conflicts, integration, incorporation), or any other clauses that may be helpful to the Court in determining the completeness of the plan instrument and the validity of its terms. After these have been submitted and docket numbers assigned, Defendants are ordered to update their addendum located at Dkt. 648-1 for all parties seeking dismissal on anti-assignment grounds to include this new information **on or before July 8, 2016**. The addendum must be sorted by patient number and include the docket number for all documents it cites (including previously uploaded documents). Plaintiffs must then respond with any objections or disputes, including objections to the authenticity of the documents **on or before July 18, 2016**.

3. Finally, Plaintiffs are ordered to provide a chart organized by patient number that contains a list of the remaining patients and their corresponding Defendants that are still parties to this case **on or before July 6, 2016**.

The Court is not setting page limits for these briefings at this time because it understands the lengthy provisions and documents involved, but will rely on the parties to be as succinct as possible. In addition, any charts or addenda referencing multiple parties should always be organized by patient number, and should contain docket numbers whenever possible.

The Clerk shall serve this minute order on the parties.

                                                                                                                              Initials of Deputy Clerk: djg

MINUTES FORM 11
CIVIL-GEN