Lisa S. Kantor (SBN: 110678)
lkantor@kantorlaw.net
Alan E. Kassan (SBN 113864)
akassan@kantorlaw.net
Timothy R. Rozelle (SBN 298332)
trozelle@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorney for Plaintiffs
Dual Diagnosis Treatment Center, Inc., Satya Health of California, Inc., Adeona Healthcare, Inc., Sovereign Health of Phoenix, Inc., Sovereign Asset Management, Inc., and Medical Concierge, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DUAL DIAGNOSIS TREATMENT CENTER, INC., a California corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BLUE CROSS OF CALIFORNIA, dba ANTHEM BLUE CROSS, et al., <br><br> Defendants. | Case No.  8:15-cv-00736-DOC-DFM <br><br> Hon. David O. Carter <br><br> **JOINT RULE 26(f) REPORT** <br><br> Sch. Conf.: Sept. 24, 2018 at 8:30 am <br><br> Trial Date:  None Set |

Pursuant to Federal Rule of Civil Procedure 26(f), the following is a report regarding the Conference of the parties held between Lisa S. Kantor, Alan E. Kassan and Elizabeth Hopkins of Kantor & Kantor, LLP on behalf of Plaintiffs, and Eileen R. Ridley and Alan R. Ouellette of Foley & Lardner LLP, Carol B. Lewis of Von Behren and Hunter LLP, and Kenneth R. O'Rourke of O'Melveny and Myers LLP, on behalf of the Defense Counsel Coordinating Group.

Counsel met and conferred to consider the nature and basis of their claims and defenses, the possibilities and strategies for prompt settlement or mediated

resolution of the case, and to develop a proposed discovery plan considering the objectives of the various parties. From that meeting the parties submit the following report:

## 1. SHORT FACTUAL SUMMARY OF THE CASE

Plaintiffs are members of the Sovereign Health Group of companies, which provide behavioral health treatment services to patients in California, and other states. Plaintiffs allege that they provided such services to the former patients identified in the Third Amended Complaint who possessed health insurance coverage for some or all of Plaintiffs' services through employer-sponsored health and welfare plans governed by ERISA. Such coverage was allegedly provided or administered by Defendants.

Defendants are the ERISA-governed health and welfare plans under which Plaintiffs' former patients were allegedly covered ("Welfare Plan Defendants"), and the Blue Cross Blue Shield Association independent licensees that served as insurers and/or administrators of these plans ("Blue Cross Defendants"). Plaintiffs are alleged to be "out-of-network" providers with regard to the Blue Cross Defendants, meaning that they have no direct contractual relationship. Each of the former patients identified in the Third Amended Complaint is alleged to have sought treatment covered by a Welfare Plan Defendant that was insured or administered by a Blue Cross Defendant. Plaintiffs contend that the Defendants processed patient treatment claims and then paid claim benefits directly to the patients in direct contravention of the written "assignments" of benefits, of which they allegedly had notice, which required payment to Plaintiffs. Defendants contend, *inter alia,* that their ERISA Plan documents prohibited assignments of benefits, that Defendants were not properly informed of the assignments, or that Plaintiffs were able to recover the payments from their patients and are thus not owed any money, or substantially less than the amounts Plaintiffs seek.

///

## 2. LEGAL ISSUES

The legal issues to be decided by the Court include:

<u>Plaintiffs' Legal Issues</u>:

a) Whether Defendants violated the assignments of benefits by paying the assignor-patients instead of the Plaintiff-assignees, for all of the claims alleged in the Third Amended Complaint.

<u>Defendants' Legal Issues</u>:

a) Whether the plan documents prohibit the assignment of the right to receive direct payment to Plaintiffs and/or specifically provide for the manner as to whom covered claims will be paid.

b) Whether Plaintiffs' alleged assignments encompass the claim and relief sought by Plaintiffs in the Third Amended Complaint.

c) Whether Defendants were obligated to render performance to Plaintiffs under Plaintiffs' purported assignments.

d) Whether the Plaintiffs or their patients exhausted administrative remedies.

e) Whether Plaintiffs were reimbursed directly or indirectly for their services or otherwise collected amounts allegedly paid to Defendants' members.

f) Whether Defendants were given sufficient notice of the existence of the purported assignments and whether Defendants discharged any purported obligations by making payments to members.

g) Whether Plaintiffs can substantiate the alleged entitlement to recover the amounts purportedly owed where (i) there is no record of Plaintiffs' having submitted claims for certain of the benefits; or (ii) the allowed amounts on the particular claims are less than the amount purportedly owed.

h) Whether certain particular claims arise from health plans that are not governed by ERISA.

## 3. JOINDER OF PARTIES AND AMENDMENTS TO PLEADINGS

The parties do not intend to add additional parties, and do not anticipate

seeking to amend their pleadings.

### 4.  ISSUES WHICH MAY BE DECIDED BY MOTION

Defendants, or some of them, may decide to bring dispositive motions on the legal issues set forth above, which Defendants believe may be ripe for an adjudication by way of summary adjudication/judgment.

Plaintiffs and Defendants are working through the issues related to limited discovery and hope to avoid discovery motions, but all parties reserve the right to bring such motions should the same become necessary.

### 5.  SETTLEMENT DISCUSSIONS AND PROSPECTS

Some of the parties have begun to discuss settlement and are developing strategies for direct negotiations or mediation. All parties agree that they will consider mediation in order to avoid protracted litigation and agree to private mediation pursuant to Local Rule 16.4. The parties will attempt to conduct mediations of the over one hundred different patient claims in this matter, and anticipate that it will take approximately four to six months to conduct those mediations. The parties further anticipate that some of the claim matters will not be ripe for mediation until some discovery has been completed. Accordingly, the parties request that no mediation cut-off date be set until they have further opportunity to exchange documents and conduct informal talks amongst themselves.

### 6.  DISCOVERY PLAN AND LIMITATIONS

The parties exchanged their Rule 26 Initial Disclosures on August 13, 2018. With said disclosures, Plaintiffs provided Defendants the documents Plaintiffs have in their possession related to each individual patient named in the Third Amended Complaint, for claims that have not been dismissed since the Complaint was filed. Some Defendants provided documents with their Disclosures, some did not, and others are in the process of gathering documents to produce. Further, Defendants made a substantial volume of plan documents available to the Plaintiffs in connection with the briefing on Defendants' motions to dismiss. Plaintiffs also

served a simple Request for Production of Documents on all Defendants on August 14, 2018. Some Defendants will serve written discovery prior to the Scheduling Conference.

Aside from the foregoing, the parties agree that this matter should not be discovery intensive and hope that limited discovery will suffice. The parties primarily require the exchange and/or discovery of documents and information related to the assignments of benefits, notice of same, billing and collection of claim benefits/payments, and ERISA Plan document provisions related to benefit payment terms and benefit assignments.

Accordingly, all parties reserve the right to serve written discovery or to take depositions concerning these matters, or other matters related thereto or that may develop during the course of litigation. The parties likewise reserve all rights to object to discovery and agree to meet and confer in good faith to resolve any disputes should they arise concerning the appropriateness of certain categories of discovery or the scope of permissible discovery.

### 7. TRIAL

This is an ERISA action, so trial will be to the Court. Plaintiffs expect 4-6 days of bench trial assuming the issues can be consolidated as between the numerous Defendants. Defendants anticipate that the number of parties, individual claims and issues will necessitate a 5-10 day bench trial. The length of trial will depend in large part on how many Defendants and patients/patient claims remain in the case at time of trial.

### 8. OTHER ISSUES

Because this is an ERISA matter, which will likely involve limited evidence at trial, with little or no testimony from live witnesses, the parties propose that the Court waive pre-trial proceedings, as such proceedings would represent an unnecessary use of judicial and litigant resources.

9. **PROPOSED DATES**

| Event | Date |
|---|---|
| Initial Disclosures Due | Exchanged August 13, 2018 |
| Deadline to Conduct Mediation/Settlement Conference | To be later determined |
| Discovery Cut-off | Monday August 5, 2019 |
| Motion Filing Deadline | Monday October 2, 2019 |
| Motion Hearing Deadline | Monday, November 4, 2019 |
| Last Day to File Opening Trial Briefs | Monday February 10, 2020 |
| Last Day to File Responsive Trial Briefs | Monday March 9, 2020 |
| Trial | Tuesday April 7, 2020 |

Respectfully submitted,

DATED: September 10, 2018   **KANTOR & KANTOR, LLP**

By: */s/ Alan E. Kassan*
   Lisa S. Kantor,
   Alan E. Kassan
   Timothy R. Rozelle
   Attorneys for Plaintiffs
   Dual Diagnosis Treatment Center, Inc., Satya Health of California, Inc., Adeona Healthcare, Inc., Sovereign Health of Phoenix, Inc., Sovereign Asset Management, Inc., and Medical Concierge, Inc.

DATED: September 10, 2018   **FOLEY & LARDNER LLP**
   Eileen R. Ridley
   Alan R. Ouellette


*/s/ Eileen R. Ridley*
Eileen R. Ridley
Attorneys for Defendants BLUE CROSS OF CALIFORNIA, dba ANTHEM BLUE CROSS, ANTHEM HEALTH PLANS, INC., dba ANTHEM BLUE CROSS AND BLUE SHIELD, ANTHEM HEALTH PLANS OF

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

| | |
|---|---|
| 1 | KENTUCKY, INC., dba ANTHEM BLUE CROSS AND BLUE SHIELD, ANTHEM INSURANCE COMPANIES, INC., dba ANTHEM BLUE CROSS AND BLUE SHIELD, COMMUNITY INSURANCE COMPANY, dba ANTHEM BLUE CROSS AND BLUE SHIELD, EMPIRE HEALTH CHOICE ASSURANCE, INC., dba EMPIRE BLUE CROSS AND BLUE SHIELD, ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., dba ANTHEM BLUE CROSS AND BLUE SHIELD, ANTHEM HEALTH PLANS OF VIRGINIA, INC., BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC., BLUE CROSS BLUE SHIELD OF WISCONSIN, erroneously sued as THE ANTHEM COMPANIES, INC., ACWA/JPIA EMPLOYEE BENEFITS PROGRAM, BLOOMBERG L.P. HEALTH AND WELFARE PLAN, CNS HEALTH AND WELFARE BENEFITS PLAN, ERNST & YOUNG MEDICAL PLAN, FERGUSON ENTERPRISES INC. FLEXIBLE BENEFITS PLAN, FOLLETT CORPORATION WELFARE BENEFIT PLAN, erroneously sued as FOLLETT CORPORATION EMPLOYEES BENEFIT TRUST, INTEL CORPORATION HEALTH AND WELFARE BENEFIT PLAN, LIVE NATION ENTERTAINMENT, INC. GROUP BENEFITS PLAN, NORTHROP GRUMMAN CORPORATION GROUP BENEFITS PLAN, PEAK FINANCE COMPANY GROUP HEALTH PLAN, PEPSICO EMPLOYEE HEALTH CARE PROGRAM, SHEET METAL WORKERS LOCAL NO. 40 HEALTH FUND, THE AEROSPACE CORPORATION GROUP HOSPITAL-MEDICAL PLAN, THE STEAK N SHAKE EMPLOYEE BENEFIT PLAN, VIASAT INC. EMPLOYEE BENEFIT PLAN and XEROX CORPORATION WELFARE PLAN |

| | | |
|---|---|---|
| | DATED: September 10, 2018 | **VON BEHREN AND HUNTER LLP**<br>William E. von Behren<br>Carol B. Lewis<br>Joann V. Lee<br>Cindy N. Mader |
| | | |
| | | */s/ William E. von Behren*<br>William E. von Behren<br>Attorneys for Defendants ALASKA AIR GROUP, INC. WELFARE BENEFIT PLAN, ASANTE EMPLOYEE BENEFITS PLAN, BLUE CROSS BLUE SHIELD OF TENNESSEE, INC., BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. d/b/a FLORIDA BLUE., BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, BLUE CROSS OF NORTHEASTERN PENNSYLVANIA, CALIFORNIA PHYSICIANS SERVICE d/b/a BLUE SHIELD OF CALIFORNIA, CHICOS FAS, INC. HEALTH & WELFARE BENEFIT PLAN, EXCELLUS HEALTH PLAN, INC., F.N.B. CORPORATION HEALTH AND WELFARE PLAN, F5 NETWORKS, INC. EMPLOYEE BENEFIT PLAN, GENERAL NUTRITION GROUP INSURANCE PLAN, HIGHMARK BCBSD, INC., HIGHMARK BLUE CROSS BLUE SHIELD, HIGHMARK BLUE SHIELD, HIGHMARK, INC. d/b/a HIGHMARK BLUE SHIELD, HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INLANDBOATMENS UNION OF THE PACIFIC NATIONAL HEALTH BENEFIT TRUST, INTERRAIL SIGNALS, INC. WELFARE BENEFIT PLAN, LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY BLUE CROSS AND BLUE SHIELD OF LOUISIANA, MARTIN MARIETTA MEDICAL PLAN, NATURES PATH FOODS, INC. WELFARE BENEFIT PLAN, NORTHERN CALIFORNIA SHEET METAL WORKERS, NOVARTIS CORPORATION WELFARE BENEFIT PLAN, PEAK 10, INC. EMPLOYEE BENEFIT PLAN, PREMERA BLUE CROSS, PREMERA BLUE CROSS BLUE SHIELD OF ALASKA, PROFIT INSIGHT HOLDINGS LLC GROUP HEALTH PLAN, RAYONIER, INC. WELFARE PLANS, |

REGENCE BLUECROSS BLUESHIELD OF OREGON, erroneously sued herein as REGENCE INSURANCE HOLDING CORPORATION; REGENCE BLUECROSS BLUESHIELD OF UTAH, erroneously sued herein as REGENCE INSURANCE HOLDING CORPORATION; REGENCE BLUESHIELD erroneously sued herein as REGENCE INSURANCE HOLDING CORPORATION, SPOKANE TEACHERS CREDIT UNION EMPLOYEE MEDICAL & DENTAL PLAN, TRINET EMPLOYEE BENEFIT INSURANCE PLAN, UNITED STATES STEEL PLAN FOR ACTIVE EMPLOYEE INSURANCE BENEFITS, U.S. RENAL CARE, INC., WELLMARK OF SOUTH DAKOTA, INC. and WELLMARK, INC.

DATED: September 10, 2018

**REED SMITH LLP**
Dan J. Hofmeister, Jr.
Amir Shlesinger

*/s/ Dan J. Hofmeister, Jr.*
Dan J. Hofmeister, Jr.
Attorneys for Defendants BCBSM, INC. D/B/A BLUE CROSS BLUE SHIELD OF MINNESOTA AND BLUE CROSS OF IDAHO HEALTH SERVICE, INC., J.R. SIMPLOT COMPANY GROUP HEALTH & WELFARE PLAN, ALBERTSON'S LLC HEALTH & WELFARE PLAN, TWIN CITIES BAKERY DRIVERS HEALTH & WELFARE PLAN, METAL-MATIC, INC. WELFARE BENEFIT PLAN, ST. LUKE'S LUTHERAN CARE CENTER EMPLOYEE HEALTH CARE PLAN, MDU RESOURCES GROUP, INC. HEALTH AND WELFARE BENEFITS PROGRAM, EMPLOYEES' BENEFIT PLAN OF GENERAL MILLS, INC., CARGILL, INCORPORATED & PARTICIPATING AFFILIATES GROUP HEALTH PLAN, and TRANSPORT CORPORATION OF AMERICA, INC. EMPLOYEE HEALTH AND WELFARE BENEFIT PLAN

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

| | | |
|---|---|---|
| 1 | DATED: September 10, 2018 | **O'MELVENY AND MYERS LLP** |
| 2 | | Kenneth R. O'Rourke |
| 3 | | Matthew W. Close |
| | | Raymond Collins Kilgore |

*/s/ Kenneth R. O'Rourke*
_____
Kenneth R. O'Rourke
Attorneys for Defendants ACTIVE POWER, INC. HEALTH AND WELFARE PLAN, BAXTER INTERNATIONAL INC. AND SUBSIDIARIES WELFARE BENEFIT PLAN, CONSOLIDATED GRAPHICS, INC. GROUP BENEFITS PLAN, DELTA KAPPA GAMMA SOCIETY INTERNATIONAL HEALTH BENEFIT PLAN, DIRT FREE FLOOD SERVICES INC. HEALTH BENEFIT PLAN, ELLIOTT ELECTRIC SUPPLY, L.P. HEALTH BENEFIT PLAN, GROUP HEALTH & WELFARE BENEFITS PLAN OF AMERICAN EAGLE AIRLINES, INC. & ITS AFFILIATES, H.E. BUTT GROCERY COMPANY WELFARE BENEFIT PLAN, HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY d/b/a BLUECROSS BLUESHIELD OF ILLINOIS, BLUECROSS BLUESHIELD OF MONTANA, BLUECROSS BLUESHIELD OF NEW MEXICO, BLUECROSS BLUESHIELD OF OKLAHOMA, and/or BLUECROSS BLUESHIELD OF TEXAS, IESI CORPORATION EMPLOYEE WELFARE BENEFITS PLAN, ION GEOPHYSICAL CORPORATION GROUP HEALTH PLAN, PIONEER ENERGY SERVICES CORP. GROUP HEALTH PLAN, RANDALL S. FUDGE P.C. EMPLOYEE BENEFITS PLAN, SOUTHWEST SHIPYARD, L.P. CAFETERIA PLAN, TENET EMPLOYEE BENEFIT PLAN, THE GROUP LIFE AND HEALTH BENEFITS PLAN FOR EMPLOYEES OF PARTICIPATING AMR CORPORATION SUBSIDIARIES, UNITED SURGICAL PARTNERS, INTL WELFARE BENEFIT PLAN and XEROX BUSINESS SERVICES, LLC FUNDED WELFARE BENEFIT PLAN

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

| | | |
|---|---|---|
| 1 | DATED: September 10, 2018 | **GORDON AND REES LLP** |
| 2 | | Shannon L. Ernster |
| | | Ronald K. Alberts |
| 3 | | Jennifer Marks Ghozland |

*/s/ Shannon L. Ernster*
Shannon L. Ernster
Attorneys for Defendant ALLTECH, INC. BENEFIT PLAN

DATED: September 10, 2018      **MORGAN LEWIS AND BOCKIUS LLP**
Donald L. Havermann
Justin Hanassab

*/s/ Donald L. Havermann*
Donald L. Havermann
Attorneys for Defendants BIMBO BAKERIES USA HEALTH AND WELFARE PLAN and OWENS-ILLINOIS, INC. HOURLY EMPLOYEES WELFARE BENEFIT PLAN FOR ACTIVE EMPLOYEES

DATED: September 10, 2018      **LAW OFFICES OF RONALD S. KRAVITZ**
Ronald S. Kravitz

*/s/ Ronald S. Kravitz*
Ronald S. Kravitz
Attorneys for Defendant WELLS FARGO & CO. HEALTH PLAN

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886-2525

11
JOINT RULE 26(f) REPORT

4846-1314-9041.2

| | | |
|---|---|---|
| 1 | DATED: September 10, 2018 | **NEIL J. BARKER APC**<br>Neil J. Barker |
| 2 | | |
| 3 | | |
| 4 | | */s/ Neil J. Barker* |
| 5 | | Neil J. Barker<br>Attorneys for Defendants BLUE CROSS AND BLUE SHIELD OF ALABAMA and MUELLER WATER PRODUCTS, INC. FLEXIBLE BENEFITS PLAN |
| 9 | DATED: September 10, 2018 | **BRYAN CAVE LLP**<br>William B. Brockman<br>Christopher L. Dueringer<br>Nancy Franco |
| 13 | | |
| 14 | | */s/ William B. Brockman* |
| 15 | | William B. Brockman<br>Attorneys for Defendant MEDIANEWS GROUP WELFARE BENEFITS PLAN |
| 17 | DATED: September 10, 2018 | **HUNTON AND WILLIAMS LLP**<br>Phillip J. Eskenazi<br>Alexandrea H. Young |
| 21 | | */s/ Alexandrea H. Young* |
| 22 | | Alexandrea H. Young<br>Attorneys for Defendant L BRANDS, INC. HEALTH AND WELFARE BENEFITS PLAN (formerly known and sued as Limited Brands, Inc. Health and Welfare Benefits Plan) |

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

12
JOINT RULE 26(f) REPORT
4846-1314-9041.2

| | | |
|---|---|---|
| 1 | DATED:  September 10, 2018 | **BROWNE GEORGE ROSS LLP**<br>Eric M. George<br>Keith J. Wesley |

*/s/ Eric M. George*
Eric M. George
Attorneys for Defendant WEBMD HEALTH & WELFARE PLAN

DATED:  September 10, 2018          **MAYNARD COOPER & GALE, LLP**
                                    Linda B. Oliver

*/s/ Linda B. Oliver*
Linda B. Oliver
Attorneys for Defendant THE HARTFORD FIRE INSURANCE COMPANY EMPLOYEE MEDICAL AND DENTAL EXPENSE BENEFITS PLAN

<u>*Filer's Attestation:*</u> Pursuant to Local Rule 5-4.3.4(a)(2)(i), Alan E. Kassan hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

4846-1314-9041.2

13
JOINT RULE 26(f) REPORT